## The People of the State of Illinois ex rel. Maude Ramler, Appellee, v. Oscar Stromberg, Appellant.

### Gen. No. 22,355.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed November 14, 1916.

### Statement of the Case.

Bastardy proceeding by the People of the State of Illinois, on the relation of Maude Ramler, against Oscar Stromberg, defendant, in the Municipal Court of Chicago. From a judgment finding that defendant was the father of the child of prosecutrix, defendant appeals.

WILLIAM FOSTER BURNS, for appellant; GEORGE F. ORT, of counsel.

MACLAY HOYNE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Stromberg, 202 Ill. App. 11.

## Abstract of the Decision.

1. EVIDENCE, § 476*—*what fact not conclusive as to where weight of evidence lies.* Where the evidence is conflicting, the fact that the witnesses on one side outnumber those on the other side is not conclusive of the question where the weight of evidence lies, since the weight of evidence does not depend solely on the number of witnesses.

2. BASTARDS, § 22*—*when evidence shows illicit relations of defendant with prosecutrix.* In a bastardy proceeding where defendant denied the paternity of prosecutrix's child, the following facts appeared: Prosecutrix was an ignorant woman, unacquainted with English, and contradicted herself in her testimony, though it had the ring of truth, and detailed circumstantially her relations with defendant. There was no evidence showing a motive on her part to falsify or that she was a lewd woman or consorted with other men. Defendant relied on an alibi to prove which he called a number of witnesses greater than that testifying for prosecutrix, such witnesses being personal friends and relatives of defendant. *Held*, that the evidence was sufficient to show that prosecutrix and defendant had illicit relations for some months prior to conception and within a period not unusual for gestation.

3. BASTARDS, § 22*—*when evidence not controlling as to time when child was begotten.* In a bastardy proceeding where defendant denies the paternity of prosecutrix's child, where the testimony shows that the child was born May 8th, the fact that prosecutrix menstruated several times after June of the previous year is not necessarily controlling as to the time when the child was begotten.

4. BASTARDS, § 22*—*when finding that defendant was father of child not against weight of evidence.* In a bastardy proceeding where defendant denied the paternity of prosecutrix's child and relied on an alibi to prove which he called personal friends and relatives, a finding that defendant was the father, *held* not manifestly against the weight of the evidence, the weight of defendant's evidence depending on the superior facility of the trial court for determining the credibility of the witnesses by seeing and hearing them, and observing their manner of testifying.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.